**Gasper BIBA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General Respondent.**

No. 04–1338–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Alicia T. Simpson, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Michael J. Garcia, United States Attorney, Southern District of New York, Peter M. Skinner and Sara L. Shudofsky, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gasper Biba, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

We find that substantial evidence supported the IJ's adverse credibility determination. The IJ found Biba's credibility to be significantly undermined by: (1) Biba's lack of knowledge about the election that took place on October 1, 2000; (2) the implausibility and inconsistency regarding the alleged drive-by shooting in December 2000; (3) inconsistencies between Biba's testimony and one of the statements that Biba submitted in support of his asylum application; (4) the absence of corroborative evidence, particularly with respect to the purported shooting; and (5) Biba's admitted lack of candor with the Government upon arriving in the United States. When an IJ's adverse credibility finding is based on "specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on ... inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks and citation omitted).

Although withholding of removal claims are factually related to asylum claims, an applicant bears a heavier burden of proof in the withholding of removal context. *See id.* at 71. Because Biba failed to establish that he was eligible for asylum, he accordingly failed to meet the heavier burden for withholding of removal. *Ramsameachire*, 357 F.3d at 183. Furthermore, Biba's CAT claim fails because he (1) failed to exhaust this claim before the BIA, *see Foster v. INS*, 376 F.3d 75, 77 (2d Cir. 2004) (citing 8 U.S.C. § 1252(d)); and (2) offered no evidence that he would more likely than not be tortured when he returns to Albania, *see Wang v. Ashcroft*, 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16).

We have reviewed Biba's remaining arguments and they are without merit. For

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).